**Luis Eduardo SAGASTUME-
MONTIEL, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,
Respondent.**

**No. 16-12028
Non-Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

(January 17, 2017)

Eduardo Rigoberto Soto, Eduardo Soto & Associates, Coral Gables, FL, for Petitioner

Monica Antoun, Laura Halliday Hickein, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, Nicole Guzman, DHS, Office of Chief Counsel, Orlando, FL, OIL, Office of Immigration Litigation, Washington, DC, for Respondent

Before HULL, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Luis Eduardo Sagastume-Montiel, a native and citizen of Guatemala, petitions for review of an order affirming the denial of

his application for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1). The Board of Immigration Appeals affirmed the finding that Sagastume-Montiel was removable as an inadmissible alien by virtue of being an applicant for admission to the United States without a valid entry document. *See id.* § 1182(a)(7)(A)(i)(I). Sagastume-Montiel argues that he was not an applicant for admission because he was allowed to reenter the country under an advance authorization for parole. Sagastume-Montiel also argues that, even if he was an applicant, his advance parole was a "valid entry document" that entitled him to admission to the country. We deny in part and dismiss in part Sagastume-Montiel's petition.

The Board did not err in finding that Sagastume-Montiel was an inadmissible alien. In 1998, Sagastume-Montiel entered the United States on a nonimmigrant visa, but he remained in the country without authorization and was arrested after misrepresenting that he was a U.S. citizen. After Sagastume-Montiel's immigration proceedings were deferred, he received advance authorization for parole and left the country. Sagastume-Montiel returned to the United States as an inadmissible alien. "[A]t the time of application for admission," Sagastume-Montiel was "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality." *Id.* Although Sagastume-Montiel was paroled into the United States, "such parole . . . [was] not . . . regarded as an admission" and it was immediately terminated, which resulted in him being "dealt with . . . as that of any other applicant for admission to the United States." *See id.* § 1182(d)(5)(A); *see also id.* § 1101(a)(13)(B) ("An alien who is paroled under section 1182(d)(5) of this title . . .

shall not be considered to have been admitted."). Parole "allowed [Sagastume-Montiel] into the country but [he] remain[ed] constructively at the border, seeking admission and subject to exclusion proceedings." *See Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1338 (11th Cir. 2003); *see also Leng May Ma v. Barber*, 357 U.S. 185, 190, 78 S.Ct. 1072, 2 L.Ed.2d 1246 (1958) ("parole . . . is simply a device through which needless confinement is avoided while administrative proceedings are conducted" and "was never intended to affect an alien's status"). We deny that part of Sagastume-Montiel's petition challenging his classification as an inadmissible alien.

We lack jurisdiction to review whether Sagastume-Montiel's advance parole served as a valid entry document. That issue was not addressed during Sagastume-Montiel's removal hearing or in his appeal to the Board. *See Lin v. U.S. Att'y Gen.*, 555 F.3d 1310, 1316–17 n.5 (11th Cir. 2009). "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We dismiss this part of Sagastume-Montiel's petition.

**PETITION DENIED IN PART AND DISMISSED IN PART.**